UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA CIVIL DIVISION

CALVIN KNIGHT,

      Plaintiff,                                  **Case No.: 8-20-cv-00698-TPB-AAS**

      vs.

NUTRIBULLET, LLC, CAPITAL
BRANDS, LLC, CAPITAL BRANDS
DISTRIBUTION, LLC, and TARGET
CORPORATION d/b/a TARGET STORE
T1299
      Defendants.
_____/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CALVIN KNIGHT, by and through the undersigned attorneys, hereby sues Defendants, NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, CAPITAL BRANDS DISTRIBUTION, LLC, and TARGET CORPORATION d/b/a TARGET STORE T1299 ("TARGET"), and alleges:

**COMMON ALLEGATIONS**

1. This is an action for damages which exceed $75,000.00.

2. At all times material hereto, Plaintiff, CALVIN KNIGHT, was and is a resident of Lakeland, Polk County, Florida.

3. At all times material hereto, Defendant, NUTRIBULLET, LLC, is a Limited Liability Corporation with its principal place of business is in Los Angeles, California. Nutribullet, LLC's one member is Richard Krause who is a resident of Los Angeles, California. Defendant NUTRIBULLET, L.L.C., is in the business of and did design, develop, formulate, manufacture, test, package, promote, label, advertise, market, instruct on, warn about, distribute,

supply and/or sell products and blenders marketed under the NutriBullet and MagicBullet brand names, and other substantially similar Bullet products, amongst other brands. These products are intended for use as household blenders. This defendant is subject to long-arm jurisdiction under Florida Statute, §48.193, for the following reasons:

    a. Carrying on a business venture in the State of Florida by providing household products, such as the subject blender and/or components, to be sold in Florida, to Florida citizens;

    b. Providing a defective product within the State of Florida through its distributor Defendant, TARGET, to a Florida citizen, the Plaintiff.

    c. Causing personal injury to the Plaintiff within the State of Florida because of providing an allegedly defective product to the Plaintiff through a distributor located in Florida.

4. At all times material hereto, Defendant CAPITAL BRANDS, LLC., is a California Limited Liability Company, with its principal office in Los Angeles, California. Capital Brands, LLC's one member is Richard Krause who is a resident of Los Angeles, California. Defendant CAPITAL BRANDS, LLC, is in the business of and did design, develop, formulate, manufacture, test, package, promote, label, advertise, market, instruct on, warn about, distribute, supply and/or sell products and blenders marketed under the NutriBullet and MagicBullet brand names, amongst other brands. These products are intended for use as household blenders. This defendant is subject to long-arm jurisdiction under Florida Statute, §48.193, for the following reasons:

    a. Carrying on a business venture in the State of Florida by providing household products, such as the subject blender and/or components, to be sold in Florida, to Florida citizens;

    b. Providing a defective product within the State of Florida through its distributor Defendant, TARGET, to a Florida citizen, the Plaintiff.

    c. Causing personal injury to the Plaintiff within the State of Florida as a result of providing an allegedly defective product to the Plaintiff through a distributor located in Florida.

5. At all times material hereto, Defendant CAPITAL BRANDS DISTRIBUTION, LLC, is a California Limited Liability Company, with its principal office in Los Angeles, California. Capital Brans Distribution, LLC's one member is Richard Krause who is a resident of Los Angeles, California. Defendant CAPITAL BRANDS DISTRIBUTION, LLC, is in the business of and did design, develop, formulate, manufacture, test, package, promote, label, advertise, market, instruct on, warn about, distribute, supply and/or sell products and blenders marketed under the NutriBullet and MagicBullet brand names, amongst other brands. These products are intended for use as household blenders. This defendant is subject to long-arm jurisdiction under Florida Statute, §48.193, for the following reasons:

    a. Carrying on a business venture in the State of Florida by providing household products, such as the subject blender and/or components, to be sold in Florida, to Florida citizens;

    b. Providing a defective product within the State of Florida through its distributor Defendant, TARGET, to a Florida citizen, the Plaintiff.

    c. Causing personal injury to the Plaintiff within the State of Florida as a result of providing an allegedly defective product to the Plaintiff through a distributor located in Florida.

6. At all times material hereto, Defendant, TARGET, was a foreign corporation doing

business in Lakeland, Polk County, Florida.

7. On December 1, 2018, Defendant, TARGET, was and/or is the owner and responsible for the products sold by Target Store T1299, located at 3570 Harden Blvd., Lakeland, Florida 33803. Defendant Target Corporation is a Minnesota Corporation with its principal place of business in Minnesota.

8. At all times material hereto, Defendant, TARGET, was in the business of renting, and/or selling household products, including the subject blender and/or its component parts.

9. On or about December 1, 2018, Plaintiff, CALVIN KNIGHT, had in is possession a NutriBullet, 18 oz, Short Cup, and Stay-fresh Resealable lid that had been purchased with a NutriBullet Magic Bullet blender, which he had purchased for consumer use from Defendant, TARGET.

10. At all times material hereto, Defendants, NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, and CAPITAL BRANDS DISTRIBUTION, LLC, were in the business of designing, manufacturing, renting, and/or selling household blenders and accessories, including the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid.

11. The subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid, including all of its component parts, was distributed, consigned, and/or otherwise placed in the stream of commerce, and sold to CALVIN KNIGHT, in Lakeland, Polk County, Florida, by the Defendants, NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, CAPITAL BRANDS DISTRIBUTION, LLC, and TARGET CORPORATION d/b/a TARGET STORE T1299.

12. Defendants, NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, CAPITAL BRANDS DISTRIBUTION, LLC, and TARGET CORPORATION d/b/a TARGET STORE T1299, derived substantial revenue from the aforesaid interstate commerce.

13. On or about December 1, 2018, Plaintiff, CALVIN KNIGHT was opening the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid. When CALVIN KNIGHT attempted to remove the NutriBullet Stay-fresh Resealable lid, the lid exploded lodging a plastic shard into CALVIN KNIGHT's left eye, causing severe injury to his eye.

14. At the time of the subject incident, the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid was in a defective condition and unreasonably dangerous to a user, consumer, or bystander, and was being used to store food, the purpose for which it was intended to be used. The Defendants, NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, and CAPITAL BRANDS DISTRIBUTION, LLC, knew or should have known, that the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid would be used in this manner.

15. At all times material hereto, Plaintiff, CALVIN KNIGHT was unaware of the defective nature of the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid and relied on Defendants, NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, CAPITAL BRANDS DISTRIBUTION, LLC, to fulfill its duty to design, manufacture, rent, and/or sell the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid in a safe condition, free of defects, for its intended use.

16. At the time of the subject incident, the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid was in the same, or substantially the same condition existing at the time of the purchase of the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid by CALVIN KNIGHT.

17. Defendants, NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, CAPITAL BRANDS DISTRIBUTION, LLC, were under a duty to the public in general and to the Plaintiff

in particular, to sell, and/or provide the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid in such a manner that CALVIN KNIGHT would be reasonably protected from injury if used in the manner in which it was being used at the time of the subject incident.

18. All conditions precedent to this action have been performed, have occurred, or have been waived, including, but not limited to, Florida Statutes, and all other applicable Florida Statutes.

19. Diveristy jurisdiction pursuant to 28 U.S.C. 1332 is proper as the plaintiff Knight is a Florida resident and the defendants Nutribullet, LLC, Capital Brands, LLC and Capital Brands Distribution, LLC are California limited liability companies whose sole member is a California resident. Target Corporation is a Minnesota Corporation with a principal place of business in Minnesota. Therefore, complete diversity exists among the parties. Finally, the amount in controversy is in excess of $75,000.00.

<u>**COUNT I**</u>
**(NEGLIGENCE as to NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, CAPITAL BRANDS DISTRIBUTION, LLC, and TARGET CORPORATION d/b/a TARGET STORE T1299)**

20. Plaintiff, CALVIN KNIGHT realleges Paragraphs one (1) through eighteen (18) above.

21. Defendant's, NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, CAPITAL BRANDS DISTRIBUTION, LLC, and TARGET CORPORATION d/b/a TARGET STORE T1299, were negligent in at least the following manner, which was the direct and proximate cause of the Plaintiff, CALVIN KNIGHT's injuries and damages:

    a. Negligently designing and/or manufacturing the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid so that it broke;

Selling or renting to the public in general a negligently and carelessly designed and/or manufactured NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid

which, when being used, was apparently defective, given the susceptibility of explosions;

b. Failing to properly design and/or manufacture the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid so that the lid would not explode into the Plaintiff's eye;

c. Failing to warn of the inherently and unreasonably condition of the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid; Defendant, NUTRIBULLET, LLC, knew, or in the exercise of reasonable care, should have known, that the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid could result in the type of hazard which occurred in this case;

d. Failing to test and properly inspect the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid to determine whether the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid was inherently dangerous prior to selling the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid.

22. As a direct and proximate result of the aforesaid breach of duty, Plaintiff, CALVIN KNIGHT, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money, aggravation of a previously existing condition, and psychological injuries. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future. Furthermore, some or all of the injuries sustained are permanent within a reasonable degree of medical probability. Alternatively, and/or in addition to, Plaintiff, CALVIN KNIGHT, has a significant and permanent loss of an important bodily function, and/or significant and permanent scarring or disfigurement.

**WHEREFORE**, Plaintiff, CALVIN KNIGHT, demands judgment against Defendant's, NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, CAPITAL BRANDS DISTRIBUTION, LLC, and TARGET CORPORATION d/b/a TARGET STORE T1299, for damages in excess of $75,000.00, jointly and severally with all defendants, costs, interest and such other relief as this Court deems just and proper. Further, Plaintiff demands trial by jury on all issues.

## COUNT II
### (STRICT LIABILITY as to NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, CAPITAL BRANDS DISTRIBUTION, LLC, and TARGET CORPORATION d/b/a TARGET STORE T1299)

23. Plaintiff, CALVIN KNIGHT, realleges Paragraphs one (1) through nineteen (19) above.

24. Defendant's, NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, CAPITAL BRANDS DISTRIBUTION, LLC, and TARGET CORPORATION d/b/a TARGET STORE T1299, caused and permitted the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid, an inherently unreasonable and dangerous product, to be placed in the stream of commerce and sold to CALVIN KNIGHT thereafter used by CALVIN KNIGHT in this state.

25. The subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid were defective in its condition as sold, and the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid was not suitable for storage use. It was further and inherently unreasonably dangerous in that, when the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid was used, the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid exploded/ fractured, thereby causing serious injuries.

26. The subject Nutribullet cup and resealable lid were further defective in that the product was put into the stream of commerce with no warnings about the potential risk of the lid exploding/ fracturing. There were no warnings related to avoiding stress to the resealable lid such as the potential pressure in the cup from fermentation or temperature changes that could lead to fracturing or exploding of the lid. There were simply no adequate warnings provided with the subject product thereby making it further defective.

27. As a result of the aforementioned defective nature of the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid, it is exceedingly and unreasonably dangerous

to the public in general, and to the Plaintiff, CALVIN KNIGHT, in particular.

28. The subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid reached CALVIN KNIGHT, the user or consumer, without any substantial change in the condition in which it was sold, and had neither been substantially changed nor altered by Plaintiff at the time of the subject incident.

29. At the time of the subject incident, the defective subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid were being used as intended, and by virtue of placing a defective and inherently dangerous product on the market, Defendants, NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, CAPITAL BRANDS DISTRIBUTION, LLC, and TARGET CORPORATION d/b/a TARGET STORE T1299, are strictly liable for the injuries and damages suffered by CALVIN KNIGHT.

30. As a direct and proximate result of the defective nature of the subject NutriBullet 18oz Short Cup and NutriBullet Stay-fresh Resealable lid, Plaintiff, CALVIN KNIGHT, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money, aggravation of a previously existing condition, and psychological injuries. The losses are either permanent or continuing, and Plaintiff will suffer the losses in the future. Furthermore, some or all the injuries sustained are permanent within a reasonable degree of medical probability. Alternatively, and/or in addition to, Plaintiff, CALVIN KNIGHT, has a significant and permanent loss of an important bodily function, and/or significant and permanent scarring or disfigurement.

**WHEREFORE**, Plaintiff, CALVIN KNIGHT, demands judgment against Defendants, NUTRIBULLET, LLC, CAPITAL BRANDS, LLC, CAPITAL BRANDS DISTRIBUTION,

LLC, and TARGET CORPORATION d/b/a TARGET STORE T1299, for damages in excess of $75,000.00, jointly and severally with all defendants, costs, interest and such other relief as this Court deems just and proper. Further, Plaintiff demands trial by jury on all issues.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **27th** day of **July 2021**, I electronically filed the foregoing with the clerk of court using the Court's CM/ECF system, which will send notice of electronic filing to: Michael E. Reed, Esq. and Christopher A. Chazin, Esq., Wicker Smith O'Hara McCoy & Ford, P.A., 100 N. Tampa St., Suite 1800, Tampa, FL 33602, TPAcrtpleadings@wickersmith.com.

Michael E. Reed, Esq.
Florida Bar No. 961760
Christopher A. Cazin, Esq.
Florida Bar No. 43515
Wicker Smith O'Hara McCoy & Ford, P.A.
100 N. Tampa St., Suite 1800
Tampa, FL 33602
TPAcrtpleadings@wickersmith.com

Jacob Munch, Esq.
Munch and Munch, P.A.
600 S. Magnolia Ave., Suite 325
Tampa, FL 33606
jake@munchandmunch.com
CO-COUNSEL FOR PLAINTIFF

          **BURNETTI, P.A.**

          By: _/s/Douglas K. Burnetti_
               Douglas K. Burnetti, Esq.
               Florida Bar No. 854387
               211 South Florida Avenue
               Lakeland, FL 33801
               Ph: (863) 688-8288
               Fax: (863) 688-1978
               eservice@burnetti.com

ATTORNEY FOR PLAINTIFF

and

JACOB J. MUNCH
E-mail: jake@munchandmunch.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
CO-COUNSEL FOR PLAINTIFF